# EXHIBIT D

| | | |
|---|---|---|
| **STATE OF SOUTH CAROLINA** | ) | **IN THE COURT OF COMMON PLEAS** |
| **COUNTY OF RICHLAND** | ) | |
| **B & W Lumber Company, Inc.** | ) | **CIVIL ACTION COVERSHEET** |
| Plaintiff(s) | ) | |
| | ) | <u>2009</u> - CP - <u>40</u> - <u>1819</u> |
| **vs.** | ) | |
| **Norfolk Southern Corporation & Norfolk Southern Railway Company and The South Carolina Department of Transportationn** | ) | |
| Defendant(s) | ) | |

| | |
|---|---|
| (Please Print) | SC Bar #:  5961 |
| Submitted By: William W. Watkins | Telephone #:  803.256.0700 |
| Address:  P.O. Box 7365 | Fax #:  803.256.4113 |
| Columbia, South Carolina 29202 | Other: |
| | E-mail:  billwatkins@jhfionline.net |

**NOTE:** The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleading or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION  (*Check all that apply*)

*If Action is Judgment/Settlement do not complete*

- [x] **JURY TRIAL** demanded in complaint.    [ ] **NON-JURY TRIAL** demanded in complaint.
- [ ] This case is subject to **ARBITRATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
- [x] This case is subject to **MEDIATION** pursuant to the Circuit Court Alternative Dispute Resolution Rules.
- [ ] This case is exempt from ADR (certificate attached).

## NATURE OF ACTION (*Check One Box Below*)

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| [ ] Constructions (100) | [ ] Dental Malpractice (200) | [ ] Assault/Slander/Libel (300) | [ ] Claim & Delivery (400) |
| [ ] Debt Collection (110) | [ ] Legal Malpractice (210) | [ ] Conversion (310) | [ ] Condemnation (410) |
| [ ] Employment (120) | [ ] Medical Malpractice (220) | [ ] Motor Vehicle Accident (320) | [ ] Foreclosure (420) |
| [ ] General (130) | [ ] Other (299) | [ ] Premises Liability (330) | [ ] Mechanic's Lien (430) |
| [ ] Breach of Contract (140) | | [ ] Products Liability (340) | [ ] Partition (440) |
| [ ] Other (199) | | [ ] Personal Injury (350) | [ ] Possession (450) |
| | | [ ] Other (399) | [ ] Building Code Violation (460) |
| | | | [x] Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| [ ] PCR (500) | [ ] Death Settlement (700) | [ ] Reinstate Driver's License (800) | [ ] Arbitration (900) |
| [ ] Sexual Predator (510) | [ ] Foreign Judgment (710) | [ ] Judicial Review (810) | [ ] Magistrate-Civil (910) |
| [ ] Mandamus (520) | [ ] Magistrate's Judgment (720) | [ ] Relief (820) | [ ] Magistrate-Criminal (920) |
| [ ] Habeas Corpus (530) | [ ] Minor Settlement (730) | [ ] Permanent Injunction (830) | [ ] Municipal (930) |
| [ ] Other (599) | [ ] Transcript Judgment (740) | [ ] Forfeiture (840) | [ ] Probate Court (940) |
| | [ ] Lis Pendens (750) | [ ] Other (899) | [ ] SCDOT (950) |
| | [ ] Other (799) | | [ ] Worker's Comp (960) |
| | | | [ ] Zoning Board (970) |
| | | | [ ] Administrative Law Judge (980) |
| | | | [ ] Public Service Commission (990) |
| | | | [ ] Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| [ ] Environmental (600) | [ ] Pharmaceuticals (630) | [ ] Other (999) |
| [ ] Automobile Arb. (610) | [ ] Unfair Trade Practices (640) | |
| [ ] Medical (620) | [ ] Other (699) | |

**Submitting Party Signature:** _____    **Date:**  March 13, 2009

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY
### Florence, Horry, Lexington, Richland, Greenville**, and Anderson**
### ** Contact Respective County Clerk of Court for modified ADR Program Rules

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral within 210 days of filing of this action, and the Plaintiff shall file a "Stipulation of Neutral Selection" on or before the 224th day after the filing of the action. If the parties cannot agree upon the selection of the neutral within 210 days, the Plaintiff shall notify the Court by filing a written "Request for the Appointment of a Neutral" on or before the 224th day after the filing of this action. The Court shall then appoint a neutral from the Court-approved mediator/arbitrator list.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Case are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Cases which are appellate in nature such as appeals or writs of certiorari;

   c. Post Conviction relief matters;

   d. Contempt of Court proceedings;

   e. Forfeiture proceedings brought by the State;

   f. Cases involving mortgage foreclosures; and

   g. Cases that have been submitted to mediation with a certified mediator prior to the filing of this action.

4. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference had been concluded.

**Please Note:**     **You must comply with the Supreme Court Rules regarding ADR.**
                     **Failure to do so may affect your case or may result in sanctions.**

STATE OF SOUTH CAROLINA ) IN THE COURT OF COMMON PLEAS
                        )
COUNTY OF RICHLAND      ) C/A # 2009-CP40-
                        )
B & W Lumber Company, Inc. )
           Plaintiff    )
                        )
        vs              ) SUMMONS
                        )
Norfolk Southern Corporation & )
Norfolk Southern Railway Company )
and The South Carolina Department )
of Transportation,      )
           Defendants   )
_____ )

TO:   NORFOLK SOUTHERN CORPORATION & NORFOLK SOUTHERN RAILWAY COMPANY & THE SOUTH CAROLINA DEPARTMENT OF TRANSPORTATION, DEFENDANTS.

YOU ARE HEREBY SUMMONED and required to serve an Answer to the Complaint in this action, a copy of which is served upon you with this Summons, by serving William W. Watkins, Sr. plaintiffs' attorney, whose office address is 1622 Bull Street Columbia, SC 29201, (Mail: P.O. Box 7365 Columbia, S.C. 29202) a copy of your Answer to the Complaint within thirty (30) days after service of this Summons upon you, exclusive of the day of service. If you fail to Answer the Complaint within the time aforesaid, judgment by default will be requested against you for the relief demanded in the complaint.

William W. Watkins, P.A.

By: _____
William W. Watkins
1622 Bull Street
P.O. Box 7365
Columbia, S.C. 29202
S.C. Bar Number:   5961
Federal Bar Number: 4541
Office: (803) 256-0700

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF RICHLAND | ) | C/A # 2009-CP40- |
| | ) | |
| B & W Lumber Company, Inc., | ) | |
| Plaintiff | ) | |
| | ) | |
| vs | ) | COMPLAINT & REQUEST |
| | ) | FOR DECLARATORY & |
| Norfolk Southern Corporation; | ) | INJUNCTIVE RELIEF |
| Norfolk Southern Railway Company | ) | |
| and The South Carolina Department | ) | |
| of Transportation, | ) | |
| Defendants | ) | JURY TRIAL REQUESTED |

The Plaintiff, through its undersigned attorneys, would show unto the Court as their Complaint the following:

### Background

1.  Plaintiff is a for profit Corporation created under the laws of the State of South Carolina with it's Principal Office in Richland County.

2.  Defendants Norfolk Southern Corporation & Norfolk Southern Railway Company, upon information and belief, are for profit Corporations operating in Richland County and owning property in Richland County.

3.  The South Carolina Department of Transportation is a S.C. State Agency which manages, maintains, controls and supervises railroad right-of-ways.

4.  The South Carolina Department of Transportation has denied responsibility or any duty to manage, maintain, control or supervise crossing number 715882X.

5.  Crossing number 715882X provides access from Farrow Road in Richland County to property owned by the Plaintiff.

6.    On June 13, 1966 B & W Lumber Company, Inc. purchased a tract of land in Richland County South Carolina known as Parcel D on a plat recorded in Richland County in Plat Book W at page 215 containing approximately 6.61 acres.

7.    The deed of conveyance to B & W Lumber Company, Inc., recorded in Deed Book 45 at page 749 also conveyed a right of way to access the property. It reads in part:

> Such right, title, interest, easement, or right of way which Grantor has in the road, crossing, way, street or drive (as shown on the plat referred to herein) which provided access for ingress and egress and repair from Farrow Road (South Carolina Highway No. 555) to Tracts A, B, and D conveyed by this conveyance ...... Grantor specifically warrants that this road, crossing way, street or drive, as shown on said plat has been in existence and open for more than thirty (30) years..... (Said Deed is attached as Exhibit 1 to the Complaint)

8.    The above referenced crossing has been in existence for over sixty (60) years and is carried on the Richland County tax maps as a Public Road.

9.    Plaintiff believes the crossing is a public grade crossing habitually used by B & W customers, employees and adjoining land owners as well as the general public.

10.    B & W Lumber Company, Inc. has received a letter from attorneys for Norfolk Southern Railway Company and Norfolk Southern Corporation that

they intend to close this above described public crossing, numbered 715882X, on March 15, 2009. (See attached Exhibit 2 to the Complaint)

11. The Department of Transportation is authorized to eliminate railroad grade crossings pursuant to Section 58-15-1625 S.C. Code of Laws (1976 as amended) upon a finding that the enhancement of public safety resulting from such a closing outweighs any inconvenience caused by increased circuitry of highway routes.

12. Upon information and belief, the Department of Transportation has not had such a hearing, has not issued such Order, and denies they have the right to issue such an Order because the crossing is not within their right of way and they do not maintain the crossing.

**Complaint**

13. Plaintiff will suffer irreparable harm by the closing of this crossing.

14. This crossing is the only public access to its business and the business will be landlocked except for a private leased driveway which is owned by Norfolk Southern.

15. Eliminating the crossing will cause the business to fail due to lack of access by its customers and suppliers and require it to be closed.

16. Upon information and belief the Defendants intend to terminate the leased driveway. (See attached letter marked as Exhibit 2 to the Complaint.)

17. Eliminating the crossing and the leased driveway will also prevent adjoining landowners from accessing their property.

18. The Plaintiff and adjoining property will be specially injured by the closing of the railroad crossing.

19. A closing of the crossing will infringe on a valid property right of the Plaintiff and entitle it to an action for inverse condemnation either against the Department of Transportation, if it authorized such a closing.

20. A closing of the crossing will impaire the value of the business and the property owned by B & W Lumber, Inc. because of being deprived of the immediate means of access to the property.

21. Plaintiff claims an easement for use of the crossing by title, easement by necessity, prescriptive easement, or by adverse possession.

22. The crossing has been in continuous existence for over sixty (60) years.

23. The easement for use of the crossing has been used by the plaintiff since June of 1966 under color of title in an open, hostile, actual and exclusive use.

**Request for Relief**

24. Plaintiff requests an immediate hearing for the Court to consider a temporary Injunction to stop the closing of the crossing.

25. Plaintiff requests pursuant to Rule 65 S.C. Rules of Civil Procedure that a Temporary Injunction be issued restraining the Defendants from closing crossing number 715882X on March 15, 2009.

26. Plaintiff requests pursuant to Rule 57, S.C. Rules of Civil Procedure a Declaratory Judgment that crossing number 715882X is a public crossing and/or road in which the Plaintiff and the general public have an easement

containing the right to use the crossing to access both the plaintiff's property and adjoining land owner's property.

27.      Plaintiff requests in the alternative that pursuant to Rule 57, S.C. Rules of Civil Procedure the Court issue a Declaratory Judgment that Plaintiff has an easement for use of crossing number 715882X.

28.      Plaintiff requests damages proximately flowing from the actions of the Defendants, including:

     (a) Loss of Business Profits;

     (b) Additional Costs to minimize any damages caused by the Defendants.

WHEREFORE, Plaintiff prays:

     (a) that the Court and Jury grant the above requested relief and

     (b) that the Court give such other and further relief as the evidence and pleadings may prove at the trial of this case including attorney fees, costs and the expenses of this action.

William W. Watkins, P.A.

By_____
William W. Watkins
1622 Bull Street
P.O. Box 7365
Columbia, S.C. 29202
S.C. Bar Number:    5961
Federal Bar Number: 4541
Office: (803) 256-0700
Direct: (803) 256-0767
Fax:    (803) 256-4113
e-mail: billwatkins@infionline.net

45 PAGE 743

Form No. 117—Title to Real Estate to a Corporation
Revised 1927

# THE STATE OF SOUTH CAROLINA,

COUNTY OF RICHLAND.

*KNOW ALL MEN BY THESE PRESENTS, THAT*

I, J. B. Perry,

  

*in the State aforesaid*    for and    *in consideration of the sum of*

Thirty-three Thousand Five Hundred and no/100 ($33,500.00)----------------*Dollars,*

to   me    *in hand paid at and before the sealing and delivery of these Presents, by*

B & W Lumber Company

*in the State aforesaid*                    (*the receipt whereof is hereby acknowledged*),

*have granted, bargained, sold and released, and by these Presents do grant, bargain, sell and release unto the said*

## B & W LUMBER COMPANY

All that certain piece, parcel or tract of land situate, lying and being near the City of Columbia, in the County of Richland, State of South Carolina; the same being shown as Parcel D on a plat prepared for B & W Lumber Company by B. P. Barber and Associates, dated June 1, 1966, which is recorded in the office of the Clerk of Court for Richland County in Plat Book W at page 215 and is made a part and parcel of this description by reference. Said Parcel D contains 6.61 acres, more or less and butts and bounds according to said plat as follows: On the northeast by the J. W. Conder Company; on the southeast by the right-of-way of the Seaboard Air Line Railroad; on the southwest by lands of Eddie J. Hicks; on the northwest by right-of-way of the Southern Railway and being a portion of the property heretofore conveyed to the Grantor by deed from Dale Water, Inc. dated February 3, 1965, and recorded in the office of the Clerk of Court for Richland County in Deed Book D-2 at page 28.

ALSO:
All that certain piece, parcel or lot of land situate, lying and being near the City of Columbia, in the County of Richland, State of South Carolina, the same being shown as Parcel "A" on a plat prepared for B & W Lumber Company by B. P. Barber and Associates dated June 1, 1966. Said parcel is also shown on a plat prepared for The Brown Estate by B. P. Barber and Associates recorded in the office of the Clerk of Court for Richland County in Plat Book S at page 200. Said lot has the following boundaries and measurements: Bounded on the Northwest by property of Southern Railroad, whereon it measures Forty (40) feet; on the Northeast by Parcel "B" whereon it measures Sixty-five (65) feet; and on the South by property of Eddie J. Hicks, whereon it measures Eighty-two (82) feet; be all measurements a little more or less.

ALSO:
All that certain piece, parcel or lot of land situate, lying and being near the City of Columbia, in the County of Richland, State of South Carolina, the same being shown as Parcel "B" which is also shown on the aforesaid plat, and which has the following boundaries and measurements: Bounded on the Northwest by property of Southern Railroad, whereon it measures Eighteen and two-tenths (18.2) feet; on the East by property now or formerly of Conder, whereon it measures Ninety-three (93) feet; on the South by Parcel "C", whereon it measures Thirty-two (32) feet; and on the West by Parcel "A", whereon it measures sixty-five (65) feet.

D-2 45 PAGE 743

45 PAGE 750

It is understood and agreed that Eddie reserve unto himself an easement in and through Parcel "A" for purposes of ingress and egress not to exceed a width of Twenty (20) feet.

ALSO:

Such right, title, interest, easement or right-of-way which Grantor has in the road, crossing, way, street or drive (as is shown on the plat referred to herein) which provides access for ingress and egress and repair from Farrow Road (South Carolina Highway No. 555) to Tracts A, B and D conveyed by this conveyance, all of which is shown on a plat prepared for B & W Lumber Company by B. P. Barber and Associates, Inc., dated June 1, 1966, which is recorded in the office of the Clerk of Court for Richland County in Plat Book "W" at page 225, which plat is made a part and parcel of this description by reference; Grantor specifically warrants that this road, crossing, way, street or drive, as shown on said plat, has been in existence and open for more than thirty (30) years. Grantor agrees and binds his Executors, Administrators, Heirs and Assigns that said road, crossing, way, street or drive can lawfully be used by Grantee.
(over)

*TOGETHER with all and singular the Rights, Members, Hereditaments and Appurtenances to the said Premises belonging, or in anywise incident or appertaining.*

*TO HAVE AND TO HOLD, all and singular, the said premises before mentioned, unto the said*

B & W Lumber Company,                              *its successors and assigns forever.*



*And     I     do hereby bind     myself and my     Heirs, Executors and Administrators, to warrant and forever defend all and singular the said premises unto the said*

B & W Lumber Company

*its successors and assigns against* me          and     my          *Heirs*

———— *lawfully claiming, or to claim the same or any part thereof.*

*WITNESS* my     *Hand and Seal, this*     13th     *day of*  June          *in the year of our Lord one thousand nine hundred and*     sixty-six     *and in the one hundred and*     ninetieth     *year of the Sovereignty and Independence of the United States of America.*

*Signed, Sealed and Delivered in the Presence of*

_____ (L. S.)

_____ (L. S.)

_____ (L. S.)

45 PAGE 750

45 PAGE 751

## THE STATE OF SOUTH CAROLINA, }

RICHLAND                    COUNTY.

*PERSONALLY appeared before me,*        Evelyn H. Collins

*and made oath that*    she    *saw the within-named*    J. B. Perry

*sign, seal, and as*    his    *act and deed deliver the*

*within-written Deed; and that*    she    *with*    Lowell W. Ross

*witnessed the execution thereof.*

*SWORN to before me, this*    13th

*day of*    June        *, A. D. 19*66.

_Evelyn H. Collins_

_Lowell W. Ross_ _____ (L.S.)
Notary Public for South Carolina

## THE STATE OF SOUTH CAROLINA, }

RICHLAND                    COUNTY. }

*RENUNCIATION OF DOWER*

I,        Lowell W. Ross,                        *do hereby certify,*

*unto all whom it may concern, that Mrs.*  Elizabeth M. Perry

*wife of the within-named*    J. B. Perry                *did this day*

*appear before me, and upon being privately and separately examined by me, did declare that she does freely, voluntarily,*

*and without any compulsion, dread, or fear of any person or persons whomsoever renounce, release and forever relinquish*

*unto the within-named*    B & W Lumber Company,

*its successors and assigns, all her interest and estate, and also all her right and claim of Dower, of, in, or to all and*

*singular the premises within mentioned and released.*

*Given under my Hand and Seal, this*    13th        *day of*    June

*Anno Domini 19* 66.

_Elizabeth M. Perry_
ELIZABETH M. PERRY

_Lowell W. Ross_ _____ (L.S.)
LOWELL W. ROSS,
Notary Public for South Carolina

45 PAGE 751

45 PAGE 752

its successors and assigns, for purpose of ingress and egress and repair to all of the property conveyed by this deed and shown on said plat as Parcels A, B and D for any moral and legal purpose and specifically, but not exclusively, for the purpose of or in connection with the operation of a lumber business. Grantor agrees and binds his executors, administrators, heirs and assigns that he will defend Grantee and its successors and assigns in their use of the property as set out herein; that he will defend any suit instituted by any person, firm, corporation or entity whether Governmental or private, to close said road, crossing, way, street or drive (as shown on said plat), or deny the Grantee or its successors or assigns the right to use said way or crossing including the payment of all costs and all reasonable attorneys' fees in the defense of any such suit or suits or actions; that Grantor will institute appropriate legal action against any person, firm, corporation or entity, whether governmental or private, who physically or by barrier or blockade, closes said road, crossing, way, street or drive for any reason for the purpose of establishing Grantee's immediate right of access for ingress and egress and repair for the purposes set forth herein. Grantor agrees and binds his executors, administrators, heirs and assigns that he shall pay all costs and attorneys' fees in connection with any such suit or action and that in the event Grantor fails to institute suit promptly in accordance with the terms herein set out, Grantee shall have the right to institute any such action by attorneys of its choice and that Grantor shall pay all costs and reasonable attorneys' fees in connection with such action or suit. Grantor warrants and agrees and binds his heirs, executors, administrators, successors and assigns that there is suitable and appropriate access for purpose of ingress and egress and repair to the property conveyed herein and shown on the said plat as Parcels A, B and D, from Farrow Road (South Carolina Highway No. 555) for the purposes set out herein. Provided, however, that Grantor's obligation for legal costs and expenses, including attorneys' fees incurred by reason of instituting or defending legal actions as required by this provision (relating to the right-of-way) shall be limited to one-half of such cost, including attorneys' fees, but in no event shall Grantor's responsibility for the cost and expense of legal actions, including attorneys' fees exceed the sum of $3,000.00.

STATE OF SOUTH CAROLINA,

J. B. PERRY

TO

B & W LUMBER COMPANY

## TITLE TO REAL ESTATE

Filed _O an e_ _13_ day of _1966_ , A. D. 1966, at _____ o'clock P. M.

and recorded in Book _____

Page _____ Fees $ _____

_____ R. M. C., or Clerk Court _____ County, S. C.

Recorded this _13_ day of _Dec_ , 1966

in Book _____ Page _____

Fees $ _____

Auditor _____ HIGHLAND _____ County, N. C.



Ronald K. Wray II
Direct 864.271.5362
rwray@gwblawfirm.com

**Gallivan, White & Boyd, P.A.**
ATTORNEYS AT LAW

55 Beattie Place, Suite 1200
Post Office Box 10589(29603)
Greenville, South Carolina 29601
Telephone 864.271.9580
Facsimile 864.271.7502
www.gwblawfirm.com

February 13, 2009

Mr. William W. Watkins
PO Box 7365
Columbia, SC 29202

Mr. Robert F. Buggle
4064 Beltline Blvd.
Columbia, SC 29204

Mr. Jeffrey C. Kull
Murphy & Grantland, P.A.
PO Box 6648
Columbia, SC 29260

Re:   *Frances Burt Paul, as Personal Representative of the Estate of Sylvester Young*
      *v. B&W Lumber Co., Inc. and Norfolk Southern Corporation, Norfolk Southern Railway*
      *Company, B&W Lumber Company, and the South Carolina Department of Transportation*
      *C.A. No.: 2008-CP-40-03077*

Gentlemen:

    We are writing to follow up on our meeting at B&W Lumber Company on February 3,
2009. As we discussed, Norfolk Southern will be closing the private crossing located just south of
B&W's property at mile post 102.8, more specifically referred to as crossing number 715882X.
This crossing is not needed to provide access to B&W's property, as B&W and its clients have easy
access to the property via the drive currently leased from Norfolk Southern that intersects with
Fontaine Road.   Also, since B&W has denied there is any agreement in place with Norfolk
Southern pertaining to the crossing, and has disclaimed any responsibility for the crossing, we are
aware of no legal basis for B&W to object to this closing.

    Although closing this crossing will not prevent B&W from accessing its property, Norfolk
Southern recognizes that closing the private crossing may limit or restrict access to their homes for
the residents of the three homes located on the east side of the crossing just over the railroad tracks.
These are the homes adjacent to B&W's property to the south.  It is our understanding that Ms.
Allie Brazelle and Jeanette Brazelle own and live in one of these homes, and that they may lease or
rent the property to the residents in the other two homes.  In order to insure that Ms. Brazelle and

24-857
#318

Mr. Bill Watkins
Mr. Robert F. Buggle
Mr. Jeff Cole
February 13, 2009
Page 2

the other residents have 24-hour access to their property while preserving the security B&W desires by virtue of the fence surrounding its property and security gates precluding access during times B&W is closed, Norfolk Southern will be installing a gravel road that will run parallel to its tracks along its right-of-way directly in front of B&W's building. This gravel road will be in the location that we demonstrated to you when we were at the site on February 3. The road will be outside the security fence surrounding B&W's property, and will have no impact on B&W's operations since it will merely be an extension of the current dirt road already utilized by B&W and its customers.

As we discussed with you, in order to install this road, a small portion of the fence located at the north end of B&W's property (toward the Fontaine Road entrance) will need to be removed and the security gate protecting this entrance will need to be moved south a short distance toward B&W's storefront. We did not measure the distance while we were there, but we demonstrated our suggestion of where the gate could be moved. This was a very minimal distance, and in no way compromises the security the fence and gate provide B&W. Additionally, as the gravel road to be installed will be located entirely on Norfolk Southern's right of way, the road will not affect ingress or egress to B&W's property in any way.

It appeared to us from our inspection at the site that the gate and fence that need to be moved are not located on the strip of land currently leased by B&W from Norfolk Southern. Rather, it appears that both encroach on Norfolk Southern's right of way and could be removed by Norfolk Southern without B&W's consent. The same is true for the large overhead B&W lumber sign that towers over the storefront, which also appears to be, at least in part, on Norfolk Southern's right of way. Additional portions of the fence as one gets closer to the private crossing may also be on the right of way. If you disagree with our assessment, and believe any of these areas are covered by the present lease agreement, please immediately let me know. While it is certainly not Norfolk Southern's intent to cancel its present lease agreement with B&W, if B&W will not cooperate and this becomes necessary in order for Norfolk Southern to install the gravel road, then Norfolk Southern may have no option but to do so.

Norfolk Southern has agreed to give B&W until March 15, 2009 to move the fence and gate and install them in a location off of Norfolk Southern's right-of-way. If this work is not completed by March 15, Norfolk Southern will remove the gate and fence from its right of way it so that the road can be installed without further delay. If B&W believes there is any basis under South Carolina law or under the lease agreement between B&W and Norfolk Southern to prohibit this, please bring that to our attention. We are aware of no such provision, and plan to proceed as outlined herein unless shown otherwise.

Finally, we did want to respond to the concern you expressed at our meeting about Norfolk Southern's ability to terminate the current lease agreement for the road being utilized by B&W to access this property from Fontaine Road. You asked what guaranties Norfolk Southern was willing to give to guaranty the lease agreement would continue in perpetuity. Of course, B&W has no such guaranty or assurance now, and closing the private crossing and installing the road in no way affects

Mr. Bill Watkins
Mr. Robert F. Buggle
Mr. Jeff Cole
February 13, 2009
Page 3

that. B&W will be in no different position following installation of this road than it is in presently. It certainly would seem to be a waste of time, resources, and money to argue over what should be a non-issue.

Regardless, as we also discussed, Norfolk Southern has no plans or intent at present to terminate the lease agreement with B&W that has been in place now for nearly 35 years. In preparation for drafting this letter, I went back and looked at the file regarding Norfolk Southern's dealings with B&W. The file dates back 40 years to when B&W relocated to its present site and asked Norfolk Southern to widen the private crossing which at that time was the only access B&W had to its property. Norfolk Southern did so, and B&W paid for the widening. B&W also requested and received permission to install a water pipe running underneath the tracks that it needed to service its business. Later, when the highway department widened Farrow Road and steepened the approach to the crossing, B&W asked for and received permission from Norfolk Southern to lease the strip of land that allowed a dirt road to be installed on Norfolk Southern's right of way linking B&W's storefront with Fontaine Road so that B&W and its customers would not have to use the private crossing. As you know, that lease agreement, which has always been terminable on 30 days notice, is still in place. In short, the file demonstrates a 40 year history of cooperation by Norfolk Southern with B&W.

There is no reason for Norfolk Southern and B&W not to work cooperatively on this project and avoid any future issues with the private crossing. Although we believe the lawsuit filed by Mr. Young's family is without merit, as this lawsuit has demonstrated, as long as the private crossing is in place there is a potential for accidents and litigation that is costly to both Norfolk Southern and B&W. Closing this crossing and installing the gravel road will be at minimal cost and inconvenience to B&W, if any, and would avoid future issues with the private crossing.

We appreciate you taking time to meet with us at the crossing to discuss these issues. Please let me know when B&W has moved its fence and gate so that Norfolk Southern can begin work. If we do not hear from you further, Norfolk Southern will begin its work on or about March 15, 2009.

With kind regards.

Sincerely,

GALLIVAN, WHITE & BOYD, P.A.

Ronald K. Wray, II

RKW:kd

FAIRWOLD SPUR, S.C.



STATE                ROUTE                # 555

NO. 6

DIRT    ROAD

4130 ft

1470 ft

1646' TO MP R-102

SKETCH SHOWING

ENCROACHMENT(S) ON PARCEL(S) NO. _____ 6 _____ MAP V30/23

# SOUTHERN RAILWAY SYSTEM

OPERATING LINE OR AFFILIATED COMPANY ____ SOUTHERN RAILWAY CO. ____

LOCATED AT MILE POST(S) ____ R-102.88 ____ IN CITY/TOWN OF _____

COUNTY OF ____ RICHLAND ____ STATE OF ____ SOUTH CAROLINA ____

SCALE     1" = 100'                      DATE ____ OCT. 12, 1976 ____

OFFICE OF     INVENTORY AND VALUATION,
              REAL ESTATE AND INSURANCE DEPT.  - WASHINGTON, D. C.

FILE NUMBER(S) _____ 11-25-V03/23-6 _____

